OPINION
{¶ 1} Kristopher Edward Whitfield appeals from a judgment of the Montgomery County Court of Common Pleas, which found him guilty of numerous offenses pursuant to his guilty pleas and sentenced him to forty years of imprisonment. The offenses included multiple counts of aggravated murder, attempted aggravated murder, aggravated robbery, kidnapping, and having weapons under disability, and single counts of grand theft and aggravated burglary, along with numerous specifications.
 {¶ 2} The state presented the following version of events at the sentencing hearing. The crimes occurred in the late evening of May 3, 2003, at 700 Mia Avenue in Dayton, the residence of Sylvester Birk and his adult granddaughter, Annette Hall. Whitfield and another man entered the residence through a rear door, and Whitfield brandished a semi-automatic handgun. Birk, Hall, and some other family members were in the home at the time. Whitfield ordered all of those present into the living room, where he placed them on the floor at gunpoint and demanded their money and drugs. Whitfield threatened to strip search the individuals when insufficient amounts of money and drugs were produced. Whitfield then took Annette Hall to the adjoining kitchen and forced her to undress, keeping an eye on the individuals in the living room. It is clear from the record that Hall was raped by various means in the kitchen, but no evidence to this effect was presented at the sentencing hearing.
 {¶ 3} Marlon Jackson was one of the men lying on the living room floor. When he saw an opportunity to escape, he ran out the front door of the house and reentered the house through the rear door in an effort to disarm Whitfield. Whitfield shot Jackson several times. Jackson collapsed in a back room and died almost immediately. Whitfield also shot Hall several times before fleeing the residence.
 {¶ 4} Once outside, Whitfield carjacked a Buick Skylark with three occupants, taking the occupants with him. Whitfield also robbed these three individuals before releasing them. The Skylark was later found about a block and a half from Whitfield's home.
 {¶ 5} The surviving victims and witnesses of the crimes identified Whitfield as the perpetrator. Some of the victims had known Whitfield's name, and others had identified him only through photographic line-ups. Whitfield was age 18 and was allegedly under the influence of drugs and alcohol at the time of the offenses in question.
 {¶ 6} On August 29, 2003, Whitfield was indicted as follows: one count of aggravated burglary, eight counts of aggravated robbery, eight counts of kidnapping, five counts of rape, four counts of aggravated murder, four counts of attempted aggravated murder, one count of theft of a motor vehicle, and two counts of having weapons under disability. Each of the burglary, robbery, kidnapping, rape, aggravated murder, and attempted aggravated murder counts included a firearm specification. The aggravated murder counts also included several other specifications.
 {¶ 7} Whitfield pled not guilty and later changed his plea to not guilty by reason of insanity. Mental examinations were conducted, and Whitfield was found to be sane and competent to stand trial. Whitfield filed numerous pretrial motions, many of which addressed the possibility of a death sentence. Whitfield also filed a motion to suppress identification testimony. The trial court overruled the motion to suppress following a hearing.
 {¶ 8} In September 2004, the state entered into a plea agreement with Whitfield. Pursuant to the plea agreement, Whitfield pled guilty to three counts of aggravated murder, including firearm, course of conduct, felony-murder, and murder to escape detection specifications as to each. In exchange for these pleas, the state stipulated that the aggravating circumstances with respect to these counts "do not outweigh the mitigating factors beyond a reasonable doubt, thus precluding the death penalty." The parties further agreed that the three-judge panel would sentence Whitfield to life imprisonment with eligibility for parole after thirty years on these counts. In addition, Whitfield pled guilty to one count of aggravated burglary, eight counts of aggravated robbery, eight counts of kidnapping, three counts of attempted aggravated murder, one count of grand theft, and two counts of having weapons under disability, along with each of the firearm specifications attached to these counts. With respect to these counts, the parties agreed that the three-judge panel would sentence Whitfield to an additional term of ten years of imprisonment, to run consecutive to the sentence imposed for aggravated murder. Thus, Whitfield received a total sentence of life imprisonment with parole eligibility after forty years. The state dismissed all of the counts of rape, the count of aggravated murder premised on the commission of rape, the count of attempted aggravated murder premised on the commission of rape, and the aggravated murder specifications premised on the commission of rape. The trial court found Whitfield guilty and imposed sentence in accordance with this agreement.
 {¶ 9} Whitfield's trial counsel filed a notice of appeal, but he requested the appointment of different counsel for the appeal. Whitfield's appellate counsel filed a brief in accordance with Anders v.California (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, wherein counsel represented that, after review of the record, she could ascertain "no basis in fact or law to appeal." By decision and entry dated January 20, 2005, we informed Whitfield of the fact that his counsel had filed anAnders brief and the significance thereof, and we invited him to submit a pro se brief assigning any errors for review within sixty days. Whitfield has not filed a brief with this court.
 {¶ 10} Pursuant to our obligations under Anders, we have conducted a thorough review of the record and have concluded, as did appellate counsel, that there are no arguably meritorious issues for review. As appellate counsel noted, the trial court fully complied with the requirements of Crim.R. 11(C), and it appears that Whitfield's pleas were knowingly and voluntarily entered. It is also apparent that the identification procedures through which the numerous witnesses identified Whitfield as the perpetrator of these offenses were not unduly suggestive. Whitfield's trial counsel acted competently and effectively. Moreover, the sentence is not unlawful or disproportionate to the crimes. Accordingly, the judgment of the trial court will be affirmed.
Grady, J. and Donovan, J., concur.